(C. D. 922)

Matson Navigation Co. *v.* United States

United States·Customs Court, Third Division

(Decided May 2, 1945)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*William J. Vitale*, special attorney), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

KEEFE, Judge: The plaintiff seeks return of duty upon the bottles containing wines which were withdrawn from warehouse as ships' supplies under section 309 (a), Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, and were exempted from duty under said section. It is claimed that the bottles containing the wines are exempt from duty as ships' supplies because the wines are exempt.

The protest covers four different entries, each of which has had one withdrawal. Duty was paid on the entire entered quantity at approximately the time of withdrawal, except as to withdrawal numbered 1803, WHB 7598. As to that withdrawal the duty was paid only upon the case withdrawn. The protest herein is shown to have been filed with the collector on March 10, 1939.

The Government has moved to dismiss this protest as untimely and plaintiff's counsel suggests that no other course is open to the court. Inasmuch as both parties have raised the question of jurisdiction, our first duty is to determine whether or not the protest was filed in accordance with law and is properly before us.

Taking up first warehouse bond entries 1386, 1530, and 842, the record discloses that the initial action taken by the importer after the merchandise had been deposited in bonded warehouse was the withdrawal. At the time of withdrawal the collector had not liquidated the entries. The importer proceeded to file the instant protest against the collector's liquidation and assessment of duties, the duties having been paid approximately at the time of withdrawal of the merchandise. Thereafter, the collector liquidated the entries. It is clear, therefore, that as to the foregoing entries the importer is protesting against an action of the collector which had not occurred. As to these entries the protest is clearly premature, and motion to dismiss the protest insofar as it pertains to said entries is granted.

In brief of counsel for the plaintiff the following statement appears:

While the protest specifies a number of withdrawals from bond the only one of these concerning which any contention is made is withdrawal entry 1803, which related to warehouse entry 7598 of March 21, 1938, liquidated on August 16, 1938 (R. 13). The withdrawal shows that wine in bottles was withdrawn as ship

supplies on March 9, 1939. It is stipulated that the protest was filed on March 10, 1939. According to the Holman decision protest against duty on the bottles cannot be made until the collector has reliquidated.

In view of the parallelism between this protest and No. 985941–G, supra, counsel for plaintiff are unable to suggest any disposition different from that outlined in regard to that case.

In the protest referred to, it was suggested by the plaintiff that it be dismissed. An examination of the record disclosed that WHB 7598, covering withdrawal 1803 made on March 9, 1939, was liquidated on August 16, 1938, more than 6 months before withdrawal, and the duty covering one case of bottles was paid on March 11, 1939. In *Matson Navigation Co.* v. *United States*, protest 996914–G, decided concurrently herewith, it was held on authority of *Taylor* v. *United States*, 11 Ct. Cust. Appls. 15, T. D. 38636, that where the facts postpone the final or possible final determination of the rate or amount of duty upon goods in bonded warehouse until withdrawal, the importer's right to protest does not arise until withdrawal, and protests filed prior to such withdrawal were not timely. In the case before us, if protest had been filed within the statutory time after liquidation, the facts which gave rise to the protest would not have yet occurred and therefore it would not have been possible to assign the reasons for protest.

The case of *United States* v. *Holman, Inc.*, 29 C. C. P. A. 3, C. A. D. 164, cited by the plaintiff as authority for dismissing the instant protest, is not in conflict with the *Taylor* case, *supra*. In the *Holman* case an entirely different situation was before the court, which caused it to state in its decision that when the circumstances are such that the importer desires to file a protest against a collector's classification, there must be a liquidation against which the protest may be filed. In that case the goods were placed in warehouse during the Tariff Act of 1922 and the entry had been liquidated under that act. When the Tariff Act of 1930 became effective there was no change in the rate and the collector did not actually reliquidate the entry. The goods were withdrawn for consumption. The importer apparently desired a new classification at a lower rate under the Tariff Act of 1930. As there had been no reliquidation of the merchandise under the act of 1930, the importer made a demand on the collector to reliquidate. He refused. Protest was filed against his refusal and in the protest it was alternatively claimed that the collector's action resulted in a reliquidation and then the classification contended for under the act of 1930 was set out. The court's holding there that the protest was untimely would not govern the instant case.

In this case, entry WHB 7598 had been legally liquidated under the Tariff Act of 1930 which was in force at the time of withdrawal. It was not until withdrawal that a possible action arose. Counsel for the importer seems to indicate that if the protest is dismissed as

to entry WHB 7598, the collector should reliquidate the entry and thereafter a protest would lie. Inasmuch as the collector has decided to regard the bottles containing the wines withdrawn for ships' supplies the subject of duty under the provisions of the act rather than free as ships' supplies, we fail to grasp counsel's reasoning that a reliquidation would be possible. In our opinion, the collector would be performing a needless and useless task, and one entirely uncalled for. For the reasons stated, motion to dismiss the protest as to WHB 7598 is denied.

Turning to the merits of the case, we find that the one case of bottles covered by withdrawal 1803, WHB 7598, was sufficiently established to have been delivered with its contents as ships' supplies and therefore under authority of *Atlas Marine Supply Co.* v. *United States*, 29 C. C. P. A. 20, C. A. D. 165, is entitled to free entry.

Judgment will therefore be entered directing the collector to reliquidate entry WHB 7598, refunding all duty taken upon the bottles contained in one case covered by warehouse withdrawal numbered 1803. The protest, as to all other entries, being premature, is hereby dismissed.